UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


JERRY L. HARRIS #113549,

       Plaintiff,

v.                                                   3:07-cv-184

TERRY ARME,
JAMES RUSSELL,
RANDOLPH BENNETT,
KEVIN PEDDICORD,
DERRICK DAUGHTERY,
E. BUSH,
ROY STRUNK,
JEFF STOUT, and
TOM PATRICK,

       Defendants.


## MEMORANDUM AND ORDER


The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendants James Russell, Randolph Bennett, Kevin Peddicord, Derrick Daughtery, E. Bush, Roy Strunk, Jeff Stout, and Tom Patrick. Plaintiff has made no factual allegations whatsoever against defendant Terry Arme and Terry Arme is **DISMISSED** as a defendant.

The plaintiff is **ORDERED** to complete the service packets for defendants James Russell, Randolph Bennett, Kevin Peddicord, Derrick Daughtery, E. Bush, Roy Strunk, Jeff Stout, and Tom Patrick, and return them to the Clerk's Office within twenty (20) days of the date of receipt of this Order. At that time the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants James Russell, Randolph Bennett, Kevin Peddicord, Derrick Daughtery, E. Bush, Roy Strunk, Jeff Stout, and Tom Patrick shall answer or otherwise respond to the complaint within twenty (20) days from the date of service; defendants should also address plaintiff's motion for injunctive relief. Defendants' failure to timely respond to the complaint may result in entry of judgment by default against defendants.

Plaintiff has also filed a motion for appointment of counsel. The appointment of counsel in a civil case is a matter within the discretion of the court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of plaintiff's motion, including the type and nature of the case, its complexity, and the plaintiff's ability to prosecute his

claim, this court is of the opinion that counsel is not necessary at this time to insure that plaintiff's claims are fairly heard. *See Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motion for appointment of counsel is **DENIED**.

Plaintiff is **ORDERED** to inform the court, and the defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until

the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Brushy Mountain Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

    s/ Thomas W. Phillips
United States District Judge